**Mildred BAKER et al., Appellees,**

v.

**Evelyn FISCHER, Appellant.**

No. 2–56232.

Supreme Court of Iowa.

March 27, 1974.

Karr, Karr & Karr, Webster City, for appellant.

Archerd & Johnson, Clarion, for appellees.

Heard before MOORE, C. J., and MASON, LeGRAND, UHLENHOPP and REYNOLDSON, JJ.

PER CURIAM:

Plaintiffs commenced this quiet title equity action claiming to be owners of a described 40 acre tract of land in Wright County. They alleged defendant had no right, title or interest therein. Defendant answered and counterclaimed alleging ownership of an undivided 8/15 interest in the real estate. She based her claim on an approved 1929 guardian's deed which named her father as grantee. The guardian, Edna Claude, was plaintiffs' mother and part owner of the land. She died so possessed in 1968.

Following trial, in which many of the facts were stipulated, the court filed detailed findings of fact and conclusions of law. The court found the deed on which defendant relied had not been delivered. Defendant has appealed from quiet title decree and judgment for plaintiffs.

By de novo review we conclude the judgment of the trial court is correct. The record discloses no showing of any receipt or disbursement of funds or further proceedings in the guardianship regarding the proposed sale. The evidence fails to show defendant's father or defendant ever had possession of the approved deed. It was never recorded. Neither defendant's father, who died January 12, 1956, nor defendant ever had possession, control or management of the land. They paid no tax thereon. Defendant as administratrix of her father's estate did not list it as an asset.

Of course delivery is essential to the validity of a deed. Title does not pass through an undelivered conveyance. Klosterboer v. Engelkes, 255 Iowa 1076, 1080, 125 N.W.2d 115, 117, and citations. A complete opinion in this matter would have no precedential value.

Affirmed. See rule 348.1, Rules of Civil Procedure.